No. 10,132
Orleans

B. MARTINO & SON v. N. CATALANO,
Appellant

(January 4, 1926, Opinion and Decree)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Partnership—Par. 65, 79.**

Where defendant has for a number of years dealt with plaintiff individually on open account and thereafter forms a partnership without notice to plaintiff of any change in their business relations, defendant will be held liable for the purchases of the partnership charged to defendant's account, unless it is proven that plaintiff had knowledge of the partnership.

Appeal from the City Court of New Orleans, Hon. Wm. Alexander Bahns, Judge.

This is a suit for the value of merchandise sold and delivered. There was judgment for plaintiff as prayed for and defendant appealed.

Judgment affirmed.

Alex W. Swords, of New Orleans, attorney for plaintiff, appellee.

Max M. Schaumburger, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. This is a suit by B. Martino & Son against William Catalano to recover one hundred and twenty-six and 25-100 ($126.25) dollars for merchandise alleged to have been sold and delivered to Catalano between November 15, 1923, and April 19, 1924. From a judgment in favor of the plaintiff as prayed for the defendant has appealed.

The evidence shows that Catalano was for a number of years the proprietor of a stall in the St. Bernard Market in this city and that he dealt with plaintiff for some six years buying supplies for his market.

On May 24, 1923, defendant formed a partnership with Sam Latino and B. Schlemer. The goods sued for here were bought during the existence of this partnership, and Catalano contends that the partnership is liable for the price and not he individually.

The partnership was of short duration and ended in a row.

B. Martino, testifying for plaintiff, says he knew nothing of the partnership, but continued to charge all purchases to Catalano and that Catalano specifically authorized him to deliver to Latino any merchandise he might order and charge same to his (Catalano's) account. Latino corroborates Martino in every respect.

The only evidence to the contrary is that of the defendant himself, which is not very satisfactory. Checks given plaintiff bearing the printed name, Catalano & Co., were introduced in evidence and it is claimed that the delivery wagon used in the defendant's business bore that name. But there is no evidence that plaintiff ever dealt with Catalano & Co., or knew of anyone having any interest in the defendant's business other than himself.

Under the terms of the partnership, Catalano, who retired from active participation in the business, was to receive one-third of the profits for the use of his name. The only change claimed to have been made by the partnership was the addition of the symbol "&" and the letters "Co." and it is not shown that plaintiff was aware of this addition.

The evidence largely preponderates in plaintiff's favor and we think with the trial court that plaintiff is entitled to a judgment as prayed for.

For the reasons assigned the judgment appealed from is affirmed.